[830 NYS2d 717]

In the Matter of LOUIS PEPPER (Admitted as LOUIS AARON H. PEPPER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 30, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated May 9, 2005, the respondent was immediately suspended pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he failed to timely respond to the Grievance Committee's numerous requests to submit a written answer to a complaint. In the course of that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Lawrence J. Bracken, as Special Referee to hear and report. By further decision and order of this Court dated January 11, 2006, a motion by the respondent's counsel to be relieved was granted, the matter was adjourned for 30 days to allow the respondent to obtain new counsel or to submit an answer pro se, and the Grievance Committee's motion to find respondent in default was denied, with leave to renew in the event respondent fails to act within 30 days.

The Grievance Committee now moves for an order striking the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), upon the ground that he has been disbarred by virtue of his conviction for grand larceny in the third degree, pursuant to Penal Law § 155.35, a class D felony.

The respondent was arrested in February 2005 in Nassau County and charged with grand larceny in the second degree. On March 13, 2006, the respondent pleaded guilty in the County Court, Nassau County, before the Honorable Edward A. Maron, to grand larceny in the third degree, pursuant to Penal Law § 155.35, a class D felony, in full satisfaction of a pending information. During the plea allocution, the respondent admitted that between August 14, 2002, and February 5, 2004, he removed from his escrow account an amount in excess of $50,000 without permission or consent of the rightful owners. The People noted on the record that prior to the commencement of the criminal proceedings, the respondent had made full restitution in the amount of $243,293.50 to the estate of Seymour Simon.

On May 3, 2006, the respondent was sentenced to a term of probation of five years.

Pursuant to Judiciary Law § 90 (4), an attorney who has been convicted of a New York State felony is disbarred by operation of law. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted,

without opposition, and the previously-authorized disciplinary proceeding is discontinued.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and KRAUSMAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Louis Pepper, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Louis Pepper, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that the disciplinary proceeding previously authorized against the respondent is discontinued; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Louis Pepper, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Louis Pepper, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).